GREEN, J.
delivered the opinion of the court.
This motion is made against the defendant Jackson, sheriff of Giles county,, and his sureties, upon the following facts.
An execution tested of the December term, 1841, of this court, in favor of the plaintiff was placed in the hands of Thomas S. Webb, late sheriff of Giles county, before the expiration of his term of office, and before any action had been taken in the execution of the 'ji.fa. On the 1st of April, 1842, Webb procured from Jackson a special deputation upon the back of the execution, to execute and return it. No return of the process was made, as the law directs, and the plaintiff has made this motion against Jackson and his sureties, for the default of Webb, as his deputy. Itis insisted for Jackson, that as Webb by the act of 1811, ch. 49, was allowed two years from the time of going out of office, to close his unsettled business, the deputation of Jackson could confer no additional authority, and that he must be presumed to have acted by virtue of his own powers as sheriff and not in virtue of the deputation from Jackson — and therefore that the sureties of Webb, and not those of *403 Jackson, are responsible for this default. If it were true that Webb would have had power, under the act of 1811, to execute this process, and that his sureties would have been bound by defaults committed after the expiration of his term of office, still it is unquestionably true that he might surrender to his successor, any unexecuted process in his hands, and that the said sheriff would have been bound to receive and execute the process so surrendered. In this case such surrender was made, as Jackson’s endorsement of a deputation to Webb fully proves; and having received into his hands, the process, Jackson was bound for the execution, and return thereof according to law.
By delivering the execution to Jackson, Webb waived his supposed rights, under the act of 1811, and afterwards held the fi.fa. as Jackson’s deputy.
But counsel are mistaken in supposing that Webb would have had power to execute this process. The act of 1811, before referred to, 2 Scott, -30, C. & N. 667, has a provision declaring that “nothing hereinafter contained shall be so construed as to authorize the serving of process, or transacting any business, except such as may remain unsettled in their hands, at the time of going out of office.”
This execution remained in Webb’s hands at the time his term of office expired, without any action having been taken on it. A sheriff going out of office may transact such business as may remain unsettled in his hands at the time of going out, but he is not authorized to serve process, although in his hands at the expiration of his term of service. This we think the meaning of the provision, and that the interests of the community demand this construction of the act of 1811, otherwise a question of great difficulty would arise as to the liabilities of the sureties of an out going sheriff. Let the judgment be entered.